

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. S. Murchison, Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. O-4277
Re:  (1)  Whether or not the State
Department of Public Welfare
is bound by an ex parte decree
of the District Court estab-
lishing the age of an appli-
cant for old age assistance.

(2)  Whether or not the State
Department of Public Welfare
has the power to make regula-
tions evaluating such an ex
parte judgment.

Your letter of December 12, 1941, submits for our
opinion the following inquiries:

". . .

"In the October term of the District Court
of Tarrant County, 17th Judicial District, an
applicant for old age assistance filed a Peti-
tion in the Court requesting that the Court enter
its Order and Decree establishing her birth date
as the 23rd day of June, 1876.  In this Petition
to the Court, the Petitioner requested the Court
to invoke its powers in equity since 'she has no
adequate remedy at law to establish her age.'

"The Petition further states, 'House Bill
No. 614 of the Regular Session of the 46th Legis-
lature 1939, as amended by House Bill 974 of the
47th Legislature, Regular Session 1941, affords
the petitioner no remedy for the establishing of
her age because it requires two affidavits that
it is impossible for the petitioner to get.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"On the 22d day of November, A. D. 1941, the Court entered the following Judgment: '. . . and the Court, after hearing the evidence, is of the opinion, and so finds, that the petitioner, Lena Margaret Moncrief, is over the age of sixty-five years and was born in Bloomington, Illinois, McLean County, on the 23rd day of June, 1876. . . . IT IS THEREFORE ORDERED, ADJUDGED, AND DE-CREED that the petitioner, Lena Margaret Moncrief, is found to be over the age of sixty-five years, having been born on the 23rd day of June, 1876, which facts have been established to the satisfaction of the Court.'

"Is the State Department of Public Welfare required under the law to accept the Judgment or Decree of the Court in establishing the age, since she cannot comply with the requirements as set out in House Bill No. 974, for is this not her remedy at law in establishing her age?

"Does the State Department of Public Welfare have the power under the Constitution and House Bill No. 611 to make a regulation and set up standards of age proof which would permit it to evaluate such a Decree of Judgment, or would such a Decree or Judgment be superior or supersede any other proof as required by the State Department?

". . . ."

In answer to your first inquiry you are advised that we do not regard the ex parte decree set out above as binding on your department. In the first place, your department was not made a party to the suit and would therefore not be bound by this decree, as is discussed in 25 Tex. Jur. 472, et seq. where it is said:

"It is elementary that no effective judgment can be rendered in favor of or against persons who are not parties to the suit. Nor will a court adjudge the respective rights of persons who are not parties." See cases cited.

In view of our ruling that the State Department of Public Welfare is not bound by the decree as set out above

we pretermit any decision as to whether or not the procedure set out in House Bill No. 974 is the exclusive remedy by which the person involved might have established her age.

In answer to your second inquiry you are advised that we do not believe that the State Department of Public Welfare has the power to make regulations which would permit it to evaluate a final judgment of the District Court. Neither the Federal Social Security Act, nor the Public Welfare Act, Article 695c, R. C. S. of Texas, and related statutes, provide any standards whereby the age of a person may be determined but since the Texas statutes contemplate that the Texas Department of Public Welfare shall administer old age assistance, that department must necessarily have the right to establish reasonable rules and regulations to effectuate that purpose. We therefore believe that the State Department of Public Welfare may consider a judgment such as the one presented in this case and all facts introduced in the record therein together with any other evidence which the department may think material, in order to determine the age of the person involved.

We believe that the rights of an applicant for old age assistance are safe guarded by the provisions of Article 695c, Section 29, R. C. S. of Texas, which read as follows:

"Sec. 29. a. In the event that an application for public assistance by a needy blind person, a needy aged person, or with respect to a needy dependent child, is not acted upon by the local unit of administration within a reasonable time after the filing of such an application, or is denied in whole, or in part, or any award of assistance is modified or cancelled, or applicant or recipient is dissatisfied with any action or failure to act on the part of the local administrative unit, the applicant or recipient shall have the right to appeal to the State Department and shall be granted a reasonable notice and opportunity for a fair hearing before the State Department.

"b. Within a reasonable time prior to an applicant's or recipient's appeal hearing, he, or his authorized agent, shall be fully advised of the information contained in his record on which action of the local administrative unit was based, if request for such information is made in writing,

Honorable J. S. Murchison, Executive Director, Page 4

and no evidence of which the applicant or recipient is not informed, in such instances, shall be considered by the Board as the basis for a decision after a hearing."

I trust that the above fully answers your inquiries.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Alfred F. Herbelin_
Alfred F. Herbelin
Assistant

APPROVED APR 8, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

AFH:mp

